NOURSE & BOWLES, LLP
Attorneys for Defendant
LOUIS DREYFUS ENERGY SERVICES L.P.
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200
jpare@nb-ny.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SWISS MARINE SERVICES S.A.,                :
                                           :
                       Plaintiff,          :
                                           :    08 Civ. 7981(LBS)
         - against -                       :
                                           :
                                           :
LOUIS DREYFUS ENERGY SERVICES L.P.,        :
                                           :
                       Defendant.          :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO VACATE ATTACHMENT**

**NOURSE & BOWLES, LLP**
Attorneys for Defendant
**LOUIS DREYFUS ENERGY SERVICES L.P.**
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200

NOURSE & BOWLES, LLP
Attorneys for Defendant
LOUIS DREYFUS ENERGY SERVICES L.P.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200
jpare@nb-ny.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SWISS MARINE SERVICES S.A.,                     :
                                                :
                    Plaintiff,                  :
                                                :
                                                :   08 Civ. 7981(LBS)
            - against -                         :
                                                :
                                                :
LOUIS DREYFUS ENERGY SERVICES L.P.,             :
                                                :
                    Defendant.                  :
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION TO VACATE ATTACHMENT

## Introductory Statement

This memorandum of law is submitted on behalf of defendant, Louis Dreyfus Energy Services L.P. ("Defendant" or "LDES") in support of its motion, pursuant to Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") of the Federal Rules of Civil Procedure ("FRCP") to vacate attachments obtained by plaintiff, Swiss Marine Services S.A. ("Plaintiff" or "Swiss Marine") in support of its underlying claim which Plaintiff asserts is subject to arbitration in London.

## Summary of Relevant Facts

On or about September 15, 2008, Swiss Marine filed a lawsuit asserting a claim for breach of charter party and praying for issuance of process of maritime attachment and garnishment against LDES. An order of attachment was signed resulting in Swiss Marine attaching funds in the amount of approximately $3,632,125.

LDES is an international energy company with offices in Shanghai, China, Singapore, London, Houston and Connecticut. It is a major North American energy merchant active in the processing, trading, marketing and transportation of a wide range of energy products. Its principal office in North America from which it conducts its business is located at 20 Westport Road, Wilton, Ct 06896 and where it may be served with process (see Declaration of Steven Scheinman attached as Exhibit "1" to Paré Affidavit at ¶ 3).

In addition to its office in Connecticut, LDES is registered to do business in New York and has an authorized agent to accept service of process in Albany, New York (see Exhibit "1" to Paré Affidavit at ¶ 4).

LDES is also registered to do business in New Jersey and has a registered agent to accept service of process in New Jersey (see Exhibit "1" to Paré Affidavit at ¶ 5).

In addition to LDES conducting business from its office in Wilton, Connecticut, LDES conducts significant business in the states of New York amounting in the last month alone, to over 128 million dollars and in New Jersey amounting to over 89 million dollars (see Declaration of Jeffrey Gilman attached as Exhibit "2" to Paré Affidavit).

2

In short, LDES is an international company doing business on a continuous basis in New York, New Jersey and Connecticut and may be served in all three (3) such districts which are adjacent to the Southern District of New York.

## POINT I

### MARITIME ATTACHMENT SHOULD NOT BE ALLOWED WHERE THE DEFENDANT MAY BE FOUND IN A CONVENIENT ADJACENT DISTRICT

Rule B of the Supplemental Rules permits issuance of attachment and garnishment when a defendant is not present in a district. As was made clear in Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963), this means that, in order for the plaintiff to be entitled to an attachment, it can show *either* that the defendant is not jurisdictionally present or that the defendant cannot be served within the district where suit is commenced.

As this Court has noted, the test for the availability of maritime attachment and garnishment "is quite arbitrary in its specifications of the circumstances" in which it may be used. Intergrated Container Service, Inc. v. Starlines Container Shipping Ltd., 476 F. Supp. 119, 122 (S.D.N.Y. 1079). Mechanical application of the attachment rules can present "a possibility for abusive use of the maritime attachment remedy, as in the case where an attachment is obtained unfairly in one district when a proper lawsuit [i.e., one where the defendant is subject to service of process] could be commenced in another district without unfairness or inconvenience." Id. 476 F. Supp. at 124. As further noted

3

by this Court in <u>Integrated</u>, "the courts may easily remedy the situation by exercising discretion to set aside an unfair attachment." <u>Id.</u> 476 F. Supp. at 124.

These considerations have given rise to the so-called "adjacent district" rule. Under this rule, a court will look through the technical availability of Rule B and recognize that its application in a given case is unfair and/or unwarranted when that same defendant is jurisdictionally present and can be served in a district adjacent to that where the suit and attachment are commenced. The continuing viability of the adjacent rule was recently reaffirmed in <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.</u>, 460 F.3d 434, 441-7 (2d Cir. 2006). The Court of Appeals for the Second Circuit said in that case:

> . . . we are persuaded that vacatur may be warranted when the defendant can show that it would be subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff. . . . The concept of "convenience", however, is a narrowly circumscribed one: A district court may vacate a maritime attachment only if the defendant would be subject to an *in personam* lawsuit in a jurisdiction <u>adjacent to the one in which</u> the attachment proceedings were brought.
>
> (underlying added)
> 460 F.3d at 444

The court concluded:

> . . . we believe that a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction . . .

In the recent case of <u>Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.</u>, 2008 U.S. Dist. LEXIS 30689 (S.D.N.Y. April 14, 2008), this Court dismissed an attachment where the defendant was subject to suit in the adjacent district of New Jersey.

4

In the recent case of Far Eastern Shipping Co. v. Progress Bulk Carriers, Ltd., 2008 A.M.C. 721 (S.D.N.Y. February 11, 2008), this Court dismissed an attachment where the defendant was subject to jurisdiction in the Eastern District of New York. One recent case has suggested, in apparent dicta, that the adjacent district must be in the same state. First American Bulk Carrier Corp. v. Van Ommeran Shipping (USA) LLC, 540 F. Supp. 2d 483 (S.D.N.Y. March 19, 2008). There seems no sensible rationale to so limit the rule, especially since "convenience" is the sole test according to the Court of Appeals in Aqua Stoli. Furthermore, that dicta was specifically rejected in Ivan Visin, supra. Finally, this limitation should make no difference in this case since, inter alia, LDES is jurisdictionally present and may be served in an adjacent district in the state of New York.

### POINT II

### LDES IS JURISDICTIONALLY PRESENT AND SUBJECT TO SERVICE OF PROCESS IN THREE (3) ADJACENT DISTRICTS

As the facts in this case clearly show, LDES is jurisdictionally present and can be served in three (3) districts adjacent to this district, i.e., the District of New Jersey, the District of Connecticut and the Northern District of New York.

Swiss Marine, as its name implies, is a Swiss entity with over one billion dollars in annual revenue and conducts business through its chartering of over 60 ships and has offices in Geneva, Bermuda and Tokyo (see Exhibit "3" to Paré Affidavit). Swiss Marine's claim in this case is said by it to be subject to arbitration in London. Clearly,

5

Swiss Marine could just as easily have commenced suit against LDES in any of the three (3) adjacent districts in this case. It eschewed all such possibilities for the obvious purpose of seeking to invoke the Rule B attachment remedy in this District. The cases show this is a torturous use of Rule B and its availability should be curtailed in such cases. Here, the situation is more extreme than usual since LDES is jurisdictionally present in not only one (1) adjacent district but, instead, in three (3) adjacent districts in this case.

### Conclusion

It is respectfully submitted that the attachments and attachment order against LDES in this case should be vacated and the action dismissed since the action is concededly subject to arbitration in London and there is no other apparent purpose for the action other than to obtain Rule B security.

Dated: New York, New York
October 10, 2008

        Respectfully submitted,

        NOURSE & BOWLES, LLP
        Attorneys for Defendant
        LOUIS DREYFUS ENERGY SERVICES L.P.

        By: _____
        Armand M. Paré, Jr., Esq. (AP-8575)
        One Exchange Plaza
        At 55 Broadway
        New York, NY 10006-3030
        (212) 952-6200
        jpare@nb-ny.com